F I L E D
 Clerk
 District Court

JUN - 6 2007

For The Northern Mariana Islands
By_____
(Deputy Clerk)

UNITED STATES DISTRICT COURT
DISTRICT OF THE NORTHERN MARIANA ISLANDS

|  |  |
|---|---|
| UNITED STATES of AMERICA, | Case No.: No. 07-000010 |
| Plaintiff, | **DETENTION ORDER** |
| v. | Hearing Date: May 31, 2007 |
|  | Hearing Time: 8:00 a.m. |
| QUI, ZHI LI, | Judge: Hon. Alex R. Munson |
| Defendant. |  |

The charges in this case involve an offense for which the maximum term of imprisonment is ten (10) years or more as prescribed in the Controlled Substances Act, 21 U.S.C. § 801 *et seq.* 18 U.S.C. § 3142(f)(1)(C). This case also involves a serious risk that the defendant will flee the jurisdiction and not appear for further proceedings. 18 U.S.C. § 3142(f)(2)(A).

On May 31, 2007, this Court held a hearing pursuant to 18 U.S.C. § 3142(f) on the government's motion to detain the defendant pending trial. Having considered the Indictment, other information presented by the government, as well as the representations of counsel, the Court hereby makes the following findings of fact and states its reasons for detaining the defendant:

## FINDINGS OF FACT

1.  On or about May 4, 2007, a grand jury sitting in this District returned an Indictment charging the defendant with distribution of methamphetamine in the form commonly known as "ice." The Indictment alleges that Defendant committed the offense on two separate

1

dates – one in November 2006 and another in March 2007 – about six (6) months apart. In each instance, the alleged sale involved approximately three (3)grams of the Schedule II controlled substance.

2.  Each purchase of drugs from the defendant was accomplished through the use of a cooperating witness. Agents from the Drug Enforcement Administration had placed a recorder on that witness and the meetings with the defendant were recorded.

3.  Defendant is a Chinese national with a Chinese passport in the name of QUI Zhi Yun which, according to Defendant, is actually his brother. Defendant told the probation officer prior to his initial appearance that he had assumed that name but would not disclose the reasons for doing so. He also told the probation officer that his true date of birth is in 1970. In Court, however, he represented that his true date of birth was in December 1973.

4.  Defendant had been in the Mariana Islands until near the end of last year and then he returned to China where he claims to have a young child. He came back here in or about March 2007. He has no obvious ties to this community.

5.  Under these circumstances, 18 U.S.C. § 3142(e) provides a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required or the safety of any other person or the community.

6.  The defendant has offered no evidence or information to rebut that presumption and, pursuant to 18 U.S.C. § 3142(e), the Court finds that there is no condition or combination of conditions will reasonably assure the appearance of the person as required or the safety of any other person or the community.

## REASONS FOR DETENTION

In making its determination to detain the defendant pending trial, the Court has taken into account available information concerning and has considered the several factors enumerated in 18 U.S.C. § 3142(g).  Having done so, the Court finds that:

(1)  The nature and circumstances of the offense charged in this case are very serious.  The offense is one for which the maximum prescribed penalty is more than ten (10) years.  The amount of drugs sold is larger than in many of the cases to come before this Court.  And the defendant, charged in two (2) counts, is facing a substantial penalty in the event he is convicted.

(2)  The weight of the evidence is considerable.  The transactions in which the defendant is alleged to have been involved took place under the surveillance of law enforcement agents.  An audio recording was made of the defendant's meeting with the government's cooperating witness.

(3)  The Court is, to some extent, unsure of this defendant's identity.  He has used at least one other name and two (2) different dates of birth and has represented each of them to be his true birth date.

(4)  He freely admitted to the probation officer that he had assumed the use of his brother's name but would not disclose the reason or reasons he had done so.

(5)  Defendant's activity involved the distribution of an extraordinarily dangerous and highly addictive controlled substance that has had a devastating effect on the CNMI community.  It continues to pose a significant risk to the community as a whole and his release would only heighten that risk.

For all of these reasons, the Court finds that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. Accordingly, it should be and hereby is:

**ORDERED** that the defendant be detained pending further proceedings in this matter; and it is further

**ORDERED** that the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and it is further

**ORDERED** that the defendant be afforded reasonable opportunity for private consultation with counsel; and it is further

**ORDERED** that, on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined to deliver the defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED

6-6-07
Date

ALEX R. MUNSON
United States District Court Judge