LEONARDO M. RAPADAS
United States Attorney
CRAIG N. MOORE
Assistant U.S. Attorney
District of the Northern
    Mariana Islands
Horiguchi Bldg.; Ste. 300
P.O. Box 500377
Saipan, MP  96950

Tel: (670) 236-2980
Fax: (670) 236-2985

F I L E D
Clerk
District Court

AUG 20 2007

For The Northern Mariana Islands
By_____
        (Deputy Clerk)

# UNITED STATES DISTRICT COURT
## DISTRICT OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES of AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>QIU, ZHI LI,<br>a/k/a "QIU, ZHI YUN"<br><br>            Defendant. | Case No.:  07 - 00010<br><br>**PLEA AGREEMENT**<br><br>Date:<br>Time:<br>Judge:   Hon. Alex R. Munson |

Pursuant to Rules 11(c)(1), (c)(1)(A), and (c)(1)(B) of the Federal Rules of Criminal Procedure, the United States and Defendant, QIU, ZHI LI, a/k/a "QIU, ZHI YUN," have reached a plea agreement in the above-captioned case.  Defendant has been advised and understands that, under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the terms of this agreement are merely recommendations to the Court.  The Court can reject them without permitting Defendant to withdraw his plea of guilty and can impose a sentence that is more severe than he anticipates.

The Agreement follows:

1

1. Under Rule 11(c)(1) of the Federal Rules of Criminal Procedure, Defendant will plead guilty to Count 1 of the Indictment, which charges him with Distribution of a Controlled Substance on or about November 15, 2006 in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Defendant agrees that the time between the filing of this agreement and the date Defendant is sentenced following his change of plea is excludable under the Speedy Trial Act, 18 U.S.C. § 3161.

2. In exchange for Defendant's guilty plea:

    a. Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the government will recommend that the Court impose a term of imprisonment within the range of sentences for the offense level determined by the Court under the United States Sentencing Guidelines ("U.S.S.G.," the "guidelines," or the "sentencing guidelines") but not including probation or a split-sentence even if permitted under the guidelines, provided Defendant does not seek a downward departure from that offense level for any reason.

    b. Pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, the government will, at the time of sentencing, move to dismiss Count 2 of the Indictment, which charges Defendant with Distribution of a Controlled Substance on or about March 28, 2007 in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

    c. The government agrees to recommend a two-level reduction in the offense level for acceptance of responsibility under U.S.S.G. § 3E1.1(a) provided Defendant continues to demonstrate such acceptance through sentencing.

    d. As of the date of this agreement, Defendant has timely notified authorities of his intention to enter a plea of guilty. If – and only if – Defendant:

        i.      pleads guilty pursuant to this agreement;

        ii.     on or before the date scheduled by the Court; and

        iii    the offense level is sixteen (16) or greater,

the government will move the Court for an additional one-level decrease in the offense level under U.S.S.G. § 3E1.1(b)(2).

    e.    The government is free to recommend any combination and amount of supervised release and fines which it deems appropriate.

    3.    The United States and Defendant stipulate to the following facts and application of the guidelines:

    a.    The quantity of d-methamphetamine hydrochloride in the form commonly known as "ice," that Defendant distributed on or about November 15, 2006 was 4.38 grams, having a purity of approximately ninety-six percent (96 %).

    b.    The applicable section of the Guidelines for the offense to which Defendant is pleading guilty is § 2D1.1.

    4.    Except as expressly provided in paragraphs two (2) and three (3), above, the parties have made no agreement concerning the facts, the guidelines, or their application to this case. Both parties reserve the right to present and argue evidence on all matters affecting the guidelines calculation.

    5.    The government reserves its full right of allocution, including the right to present to any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by the defendant, and the right to answer without limitation any questions asked by the Court.

6. Defendant has been advised and understands that if the Court accepts his plea, he will be adjudged guilty of felony offenses and that such adjudication may deprive him of certain civil rights, including:

    a. the right to vote;

    b. the right to hold public office;

    c. the right to serve on a jury;

    d. the right to possess any kind of firearm; and

    e. the right to any federal government loans, grants, or aid in the future.

7. The maximum statutory penalties for the offense to which Defendant is pleading guilty are as follows:

    a. a term of imprisonment of up to twenty (20) years;

    b. a fine of up to one million dollars ($ 1,000,000.00);

    d. a term of supervised release of at least three (3) years and not more than life; and

    e. a mandatory special assessment of one hundred dollars ($100.00).

8. Defendant agrees to pay the mandatory special assessment no later than the date of his sentencing with a money order or certified check payable to the Clerk, United States District Court. Failure to do so, unless the Court makes a finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level for an acceptance of responsibility under the guidelines.

9. Defendant understands that the Court must consider the sentencing guidelines in determining an appropriate sentence in this case but that the guidelines are only advisory and not binding on the Court. Defendant also understands that the Court alone makes all

sentencing decisions including the application of the guidelines and the sentence to be imposed. The Court, in its discretion, may impose any reasonable sentence up to and including the maximum penalties set by law after taking into account the factors enumerated in 18 U.S.C. § 3553(a). Defendant is advised and further understands that, even if the Court's guideline determinations and sentence are higher than Defendant may expect, Defendant will not be allowed to withdraw his guilty plea. And Defendant understands that, in the United States Penal System, there is no parole and if the Court sentences him to prison he will not be released on parole.

10. Defendant understands that he may have the right to file a direct appeal from his conviction or sentence. Defendant knowingly and voluntarily waives any right he may have to file such an appeal. Defendant further understands that other procedures may be available to challenge his conviction or sentence. Defendant also knowingly and voluntarily waives any right he may have to file post-conviction relief actions, including actions under 28 U.S.C. §§ 2255 and 2241 and motions to reconsider or reduce his sentence. This waiver, however, does not prevent Defendant from challenging the effectiveness of his attorney after conviction.

11. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

12. Defendant has been advised and understands that he has the following rights:

    a.    the right to plead not guilty and to persist in that plea;

    b.    the right to a jury trial;

5

  c. the right at trial to be presumed innocent and require the government to his guilt beyond a reasonable doubt;

  d. the right to be represented by counsel – and, if necessary, have the Court appoint counsel to represent Defendant – at trial and every other critical stage of the proceeding;

  e. the right at trial to see and hear all of the witnesses and for his counsel to cross-examine them in his defense;

  f. the right at trial to testify and present evidence but only if he voluntarily elected to do so;

  g. the right at trial to the issuance of subpoenas or to compel the attendance of witnesses to testify in his defense; and

  h. the right at trial, if he decided not to testify or present evidence, not to have those facts used against him and to be otherwise protected against self-incrimination. Defendant is advised and further understands that, if he pleads guilty and the Court accepts his plea, he waives all of these rights.

  13. Defendant has been advised that the offense to which he is pleading guilty has separate and distinct elements or parts. Count 1 of the Indictment charges Defendant with Distribution of a Controlled Substance ("Distribution"). The offense of Distribution has two (2) elements. Those elements are:

   i. That Defendant knowingly delivered or aided and abetted in the delivery of a controlled substance, that is, a quantity of d-methamphetamine hydrochloride in the form commonly known as "ice," or some other prohibited drug; and

       ii.      That Defendant knew that the substance was d-methamphetamine hydrochloride in the form commonly known as "ice," or some other prohibited drug.

Defendant understands that if the case against him were to go to trial, the government would have to prove each of the elements beyond a reasonable doubt.

    14.    This agreement is binding on the government only if Defendant pleads guilty, fulfills all of his obligations under the agreement, does not engage in any conduct constituting obstruction of justice as defined in U.S.S.G. § 3C1.1, and does not commit any new offenses.

    15.    Defendant understands that if he violates this agreement in any way, the government will have considered the agreement to have been breached. In that event, Defendant shall not have the right to withdraw his plea of guilty. The government, however, will be released from all obligations and restrictions imposed by the agreement. The government may, in its sole discretion and without limitation, proceed with any one or more of the following steps:

       a.      go forward with the guilty plea and sentencing;

       b.      make any and all sentencing recommendations that it deems appropriate;

       c.      treat the agreement as a nullity, that is, as though the parties had never entered into it, withdraw the agreement , and go to trial on the Indictment;

       d.      pursue additional charges against Defendant; and

7

e.  use against Defendant, in this and in any other prosecution and proceeding, any and all information, statements, and testimony – including stipulations made in this agreement – that he has provided at any time to the government, the grand jury, or to the Court.

16. This agreement is limited to the District of the Northern Mariana Islands. It does not bind any other federal, state, or local authorities.

17. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced Defendant to enter into this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all parties in order to be effective.

18. Counsel for Defendant states that he has read this agreement, been given a copy of it for his files, explained it to Defendant, and states that to the best of counsel's knowledge and belief, Defendant understands the agreement.

19. Defendant states that he has read this agreement or had it read to him, has discussed it with his counsel, understands it, and agrees to its provisions.

_Qiu Zhi Yun_                                          _8/15/07_
QIU, ZHI LI a/k/a "QIU, ZHI YUN"                Date
Defendant

_[signature]_                                          _8/15/07_
ROBERT TENORIO TORRES                           Date
Counsel for Defendant

_[signature]_                                          _8/16/07_
CRAIG N. MOORE                                    Date
Assistant U.S. Attorney

**INTERPRETER'S CERTIFICATION**

I orally translated the foregoing plea agreement in its entirety for the defendant from English into his native language. He indicated to me in his native language that he understood its contents.

_[signature]_                                          _8-15-2007_
QUALIFIED INTERPRETER                         Date
Norman Xing

9